UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Harvin Jose' Paredes,
Marcelino Norales,
Dunia Juarez, and
Marlon Juarez,

    Plaintiffs,

v.

Affordable Colors Painting, Inc.;
Juan M. Linares; and
Karina I. Linares;

    Defendants.
_____/

## WAGE-AND-HOUR ACTION
## WITH REQUEST FOR JURY TRIAL

Plaintiffs Harvin Jose' Paredes, Marcelino Norales, Dunia Juarez, and Marlon Juarez, through undersigned counsel, hereby aver:

### INTRODUCTION

1. Plaintiffs Harvin Jose' Paredes, Marcelino Norales, Dunia Juarez, and Marlon Juarez (hereinafter referred to collectively as "Plaintiffs") allege that Defendants Affordable Colors Painting, Inc.; Juan M. Linares; and Karina I. Linares (hereinafter referred to collectively as "Defendants") have failed to pay them all overtime pay and minimum wages they are owed. This lawsuit has been brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. 448.110 *et seq.*

### JURISDICTION AND VENUE

2. Defendants have transacted business in the Southern District of Florida, specifically in Hialeah, in Miami-Dade County, Florida.
3. Most of the acts complained of herein have occurred at Defendants' offices in this District, and at various work sites in this District.
4. Therefore, this is a proper venue under 28 U.S.C. § 1391(b).

5. This Court has federal question/"arising under" jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States of America, specifically the FLSA. The Court has supplemental jurisdiction under 28 U.S.C. § 1367.

6. The conditions precedent to filing this action, if any, have been satisfied.

## PARTIES

7. Plaintiff **Harvin Jose' Paredes** is a person of the full age of majority and a resident of Miami-Dade County, Florida.

8. Plaintiff **Marcelino Norales** is a person of the full age of majority and a resident of Miami-Dade County, Florida.

9. Plaintiff **Dunia Juarez** is a person of the full age of majority and a resident of Miami-Dade County, Florida.

10. Plaintiff **Marlon Juarez** is a person of the full age of majority and a resident of Miami-Dade County, Florida.

11. Defendant **Affordable Colors Painting, Inc.** is an active Florida Profit Corporation, authorized to do business in Florida, and at all material times herein has conducted business in Miami-Dade County, Florida, with a principal address of 9809 NW 80 Ave., Suite 9-J, Hialeah, Florida 33016.

12. At all material times herein, Affordable Colors Painting, Inc. has conducted business in this District.

13. At all material times herein, Affordable Colors Painting, Inc. has operated the business in which Plaintiffs worked.

14. At all material times herein, Affordable Colors Painting, Inc. has been an enterprise engaged in commerce pursuant to the FLSA. It has directed the terms, conditions, activities, duties, and responsibilities of Plaintiffs' employment, and hence has been their employer under the FLSA.

15. At all material times herein, Affordable Colors Painting, Inc. has had annual gross receipts exceeding $500,000 and has employed one or more employees engaged in commerce.

16. At all relevant times herein, Defendant **Juan M. Linares** has managed and directed the operations of Affordable Colors Painting, Inc., and has controlled the terms and conditions of Plaintiffs' employment.

17. At all relevant times herein, Defendant **Karina I. Linares** has managed and directed the operations of Affordable Colors Painting, Inc., and has controlled the terms and conditions of Plaintiffs' employment.

18. All individual Defendants have jointly operated and managed the business in which Plaintiffs have worked, and hence are their "employers" and/or "joint employers" under the FLSA and the FMWA.

## FACTS

19. Defendants employed Plaintiffs as painters from 2013 through 2018 and early 2019. At times they also performed ancillary manual work typical of painters, including paint removal, stripping, and cleaning.

20. Defendants improperly labeled one or two of the Plaintiffs (including Mr. Paredes) as supervisors, but their supervisory duties were minimal and they spent the vast majority of their time as painters.

21. Plaintiffs frequently worked greatly in excess of 40 hours per workweek, but were not paid "time and a half" for all hours over 40.

22. Plaintiffs were not paid for all travel time between jobs, and necessary waiting time.

23. Plaintiffs were at times charged for the tools and implements of doing their job, which illegally resulted in underpayment of required wages.

## COUNT 1 OF 2:
### OVERTIME PAY AND MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT; ALL PLAINTIFFS VERSUS ALL DEFENDANTS

24. Plaintiffs re-allege and re-aver the allegations of paragraphs 1-23 as if fully set forth herein.

25. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendants were required to pay Plaintiffs minimum wage, and overtime compensation for all hours over 40 in a workweek.

26. Plaintiffs regularly worked hours for which they were not compensated, in violation of the minimum wage provisions of the FLSA.
27. Plaintiffs regularly worked over 40 hours during workweeks, without being paid all overtime pay to which they were entitled.
28. Defendants' violations of the FLSA were reckless or intentional.
29. Plaintiffs are entitled to all damages in the premises from all Defendants, and request that judgment be entered in their favor and against all Defendants for all minimum wages, overtime pay, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.
30. Plaintiffs demand a jury trial for all issues so triable.

## COUNT 2 OF 2:
## MINIMUM WAGES UNDER THE FLORIDA MINIMUM WAGE ACT; ALL PLAINTIFFS VERSUS ALL DEFENDANTS

31. Plaintiffs re-allege and re-aver the allegations of paragraphs 1-23 as if fully set forth herein.
32. Pursuant to the FMWA, Fla. Stat. 448.110 *et seq.*, Defendants were required to pay Plaintiffs a lawful minimum wage.
33. However, Plaintiffs routinely worked hours for which they were not compensated, in violation of the minimum wage provisions of the FMWA.
34. Defendants' violations of the FMWA were reckless or intentional.
35. Plaintiffs are entitled to all damages in the premises from all Defendants, and request that judgment be entered in their favor and against all Defendants for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.
36. Plaintiffs demand a jury trial for all issues so triable.

* * *

WHEREFORE, Plaintiffs Harvin Jose' Paredes, Marcelino Norales, Dunia Juarez, and Marlon Juarez pray that judgment be rendered in their favor for all damages in the premises, and against all Defendants, jointly and solidarily, namely Affordable Colors Painting, Inc.; Juan M. Linares; and Karina I. Linares.

Respectfully submitted:

s/ Steven F. Grover
---------------------------------------------
Steven F. Grover (FL Bar 131296)
For Steven F. Grover, PA
507 S.E. 11 Ct.
Fort Lauderdale, FL 33316
Tel.: 954-290-8826
E-mail: stevenfgrover@gmail.com
*Plaintiffs' Counsel*